**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Devin Houser,

                    Plaintiff,

vs.                                    Case No.  3:11-cv-800-J-34MCR

First Coast Imports, LLC,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of

Settlement (Doc. 16) filed December 5, 2011, and supplements thereto (Doc. 19).[2]  This

case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et.*

*seq.*  The parties have reached a settlement agreement and seek court approval of that

agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355

(11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the

FLSA may only be settled or compromised when the Department of Labor supervises

the payment of back wages or when the district court enters a stipulated judgment "after

scrutinizing the settlement for fairness."

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. § 636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2]This Court found the proposed settlement agreement filed on December 5, 2011 contained inappropriate provisions.  Therefore, on December 7, 2011, the Court entered an order directing the parties to file a revised settlement agreement without said provisions.  (Doc. 17).  The parties filed a revised settlement agreement on December 15, 2011.  (Doc. 19).

In the Joint Motion for Approval submitted by the Parties (Doc. 16), a settlement has been reached in a bona fide good faith dispute and is deemed fair and reasonable. The compromise of the original claim reached between the parties including attorney's fees and costs is summarized below.

The parties have agreed to a total settlement in the amount of $33,504.00. Plaintiff is to receive $19,678.00 for unpaid wages[3] and Plaintiff's counsel will receive $13,826.00 as attorneys fees and costs.[4] The Court, having reviewed the settlement agreement for fairness, concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, after due consideration, it is

**RECOMMENDED:**

The parties' Joint Motion for Approval of Settlement (Doc. 16) should be **GRANTED** and the Settlement Agreement (Doc. 19-A) be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

---

[3]The proposed settlement agreement provides Plaintiff with the full value of the unpaid wage claim and liquidated damages ($19,678.00), together with a compromised commission claim of $10,000.00.

[4]This amount is based on 27.50 hours for Plaintiff's attorney, Michael S. Drews, at the rate of $280.00 per hour and 56.76 hours for the time of Katherine W. Drews, a Florida registered paralegal, at the rate of $100.00 per hour. This Court is not adopting the individual billing rates proposed as reasonable; rather, the Court finds the Settlement Agreement is reasonable on its face as Plaintiff's claim has not been compromised and no conflict of interest taints the amount Plaintiff recovers. See Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __23rd__ day of

December, 2011.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record